**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY DOUGLAS KERNS, | No. 18-56048 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02438-WQH-WVG |
| v. | |
| MATHEW J. WENNER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Larry Douglas Kerns appeals pro se from the district court's summary judgment in his Employee Retirement Income Security Act ("ERISA") action relating to his application for benefits under a Retirement Benefit Plan of the GCIU-Employment Retirement Fund. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment because Kerns seeks only punitive damages, and ERISA does not allow recovery of punitive damages. *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998) ("Extracontractual, compensatory and punitive damages are not available under ERISA."); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987) (the civil enforcement provisions of ERISA are "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits . . . .").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**